■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GERALD TAYLOR, Appellant.— HERLIHY, J. P. Appeal by the defendant from a judgment of conviction of the crime of criminally negligent homicide in violation of section 125.10 of the Penal Law. The defendant was indicted for manslaughter, second degree, in that he recklessly operated an automobile which collided with another motor vehicle and resulted in the death of its driver. At the trial the court charged the jury as to manslaughter in accordance with section 125.15 of the Penal Law and also charged the meaning of "recklessly" as defined in section 15.05 (subd. 3) of the Penal Law. The court then charged section 125.10 of the Penal Law "Criminally negligent homicide" and defined criminal negligence. The defendant excepted to the latter charge as not being alleged in the indictment. The judgment of conviction should be reversed and the indictment dismissed for failure of proof to establish defendant's guilt beyond a reasonable doubt under either section as charged. There is ample evidence of negligence and carelessness on the part of the defendant in the operation of the automobile, but that alone is not the test for conviction under

these sections of the Penal Law. The People established that on March 23, 1968 at about 2:00 A.M. in the City of Elmira, the defendant was operating an automobile on Roe Avenue and at the intersection thereof with Walnut Street he collided with an automobile being operated by Finley Sargent, the resulting injuries causing the death of said Sargent. At the intersection there was a flashing red light controlling traffic on Roe Avenue and a flashing amber or yellow light controlling traffic on Walnut Street. Subsequent to the accident the defendant pleaded guilty to failure to stop before entering the intersection as provided in section 1113 (subd. [a], par. [1]) of the Vehicle and Traffic Law, which fact was made known to the jury as part of the People's case. The proof further showed that the defendant and the passengers in his automobile at the time of the collision had previously been participating in a beer party. The defendant had been a late arrival and had left the party on occasions. The proof in the least favorable light to the defendant established that he had at most five bottles of beer during the evening and there are no inferences from which it can be satisfactorily deduced that at the time of the collision the defendant was intoxicated. The testimony of the police officer who was at the scene of the accident and the acts and conduct of the defendant immediately following the accident would tend to destroy any such contention. We would further note that the police officer never charged the defendant with driving while impaired or intoxicated. There was some proof that the brakes on the automobile were not operating properly, but the People produced a mechanic who testified to the contrary. There were references by the witnesses to speed of the automobile, but a close examination of the record is conclusive that that proof like the other proof already referred to was vague, indefinite and inconsistent. The People produced a witness whom the defendant had driven home approximately two hours prior to the accident and who testified that the automobile operated by the defendant proceeded through a red light without stopping. The witness purportedly said to the defendant that if he did not slow down, he would kill somebody. This is the strongest proof of the defendant's state of mind as to his perception and awareness of the possible danger of his conduct, but if this testimony was properly admitted (which we do not decide) that evidence alone would not be sufficient to convict the defendant of his actions some two hours later. In sum, the People proved that the defendant and his companions had been drinking beer in various amounts during the evening; that a passenger in defendant's automobile had complained earlier in the evening as to his manner of operating the automobile; and there were various estimates of speed. The implication to be attached by a jury to those facts is that the defendant was drunk and recklessly operating his automobile. (See *People* v. *Fink*, 18 A D 2d 220, 225.) It should be reiterated that all the proof cumulatively might show that the defendant was negligent. The proof required for a criminal conviction under these sections of the new Penal Law remains as set forth in *People* v. *Eckert* (2 N Y 2d 126, 130, 131): "As the terms signify, this conduct arises when the actor *has knowledge* of the highly dangerous nature of his actions or *knowledge of such facts* as under the circumstances would disclose to a reasonable man the dangerous character of his action, and despite this knowledge he so acts." (Emphasis supplied.) A reading of the present record clearly establishes that the People have failed to meet either of these rigid tests. The vagaries, unreliability, contradictions and general tone of the evidence adduced by the People as to the acts and conduct of the defendant cumulatively are not sufficient to implement the failure to stop at a traffic light so as to sustain the conviction. To convict of manslaughter, second degree, under the circumstances, it would be necessary to hold that the act of passing

a red blinking traffic light without stopping was a conscious disregard of a risk. The jury did not so find. If we were to affirm the conviction of criminally negligent homicide, it would be necessary to hold that the act of passing a red blinking light without stopping was a failure to perceive the risk. To the contrary, we are determining that the failure to stop for such a flashing traffic light, per se, is not sufficient to convict of either of the charges. It is, of course, a violation of the Vehicle and Traffic Law, to which this defendant pleaded guilty and was fined, sentenced to jail and his license to operate an automobile in the State of New York was revoked. In any event, the People failed to prove the defendant's guilt beyond a reasonable doubt. Under such circumstances, it is not necessary to consider the several legal questions advanced by the defendant in his brief. Judgment reversed, on the law and the facts, and the indictment dismissed. Herlihy, J. P., Aulisi, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum by Herlihy, J. P.