■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIQUE LORENZO, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Suffolk County (McInerney, J.), both rendered February 17, 1983, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, under indictment No. 3026-82, and of criminal possession of stolen property in the second degree, upon his plea of guilty under indictment No. 1819-82, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant challenges the sufficiency of the evidence presented by the People by attacking the credibility of Officer Fricchione, the undercover officer who testified that the defendant sold him a quantity of methadone on November 7, 1981. Issues of credibility are primarily for the jury which has the "advantage of seeing and hearing the witnesses" *(People v Kidd,* 76 AD2d 665, 666, *lv dismissed* 51 NY2d 882; *People v Lewis,* 108 AD2d 927). The court properly charged the jury on the standards by which credibility may be assessed, and the jury chose to credit Fricchione's testimony. Based upon this record, we find no basis to disturb the jury's verdict.

The defendant also contends that he was deprived of the effective assistance of counsel and he sets forth a litany of alleged errors committed by counsel. Our examination of the record reveals that counsel's representation was not constitutionally inadequate. There has been no showing that the defendant's attorney's performance fell below established professional standards *(see, People v Baldi,* 54 NY2d 137). Defense counsel made numerous pretrial motions, effectively cross-examined the People's witnesses at trial, presented a cogent summation, and continued to advocate the defendant's interests through sentencing. Additionally, we note that his attorney procured an extremely beneficial plea bargain for the defendant under indictment No. 1819-82, and contrary to the defendant's assertions, there is nothing in the record to indicate that his plea was not knowingly, voluntarily and intelligently entered *(see, People v Harris,* 61 NY2d 9).

We have examined the defendant's contentions regarding the court's charge and the prosecutor's summation and have found them to be unpreserved for appellate review as a matter of law and, in any event, without merit. Moreover, there is nothing in the record which would warrant a modification of the defendant's sentences. Mollen, P. J., Lazer, Bracken and Kooper, JJ., concur.