■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS CALDWELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered January 3, 1986, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erred in denying his request for a missing witness charge is without merit. The record reveals that although the defendant met his burden of showing the existence of missing witnesses and their knowledge of material facts, he failed to meet his burden of showing the witnesses' testimony would be material and noncumulative and that they would ordinarily be expected to testify favorably for the People *(see, People v Gonzalez,* 68 NY2d 424). Furthermore, there is evidence in the record that both witnesses were unavailable and not in the control of the prosecution *(People v Gonzalez, supra; People v Rodriguez,* 38 NY2d 95; *Hayden v New York Rys. Co.,* 233 NY 34).

We also find that the defendant was not deprived of the effective assistance of counsel. Counsel's decision not to cross-examine the codefendant regarding another plausible reason for the defendant's presence at the scene of the robbery was merely a trial strategy which was not outside the range of professionally competent assistance *(see, People v Baldi,* 54 NY2d 137; *People v Lorenzo,* 123 AD2d 886, *lv denied* 69 NY2d 952). Moreover, counsel's decision not to object to the trial *court's* interested witness charge was not error since the trial court was correct in not charging that the complaining witnesses were interested *(see, People v Ingrassia,* 118 AD2d 587; *People v Brabham,* 77 AD2d 626).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Niehoff, J. P., Weinstein, Eiber and Harwood, JJ., concur.