■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BOYD, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Winick, J.), rendered April 23, 1987, convicting him of robbery in the second degree, petit larceny and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review

the denial, after a hearing (Santagata, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence and statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his arrest was based on probable cause. At approximately 10:45 A.M. on July 18, 1986, the arresting police officer received a radio communication indicating that a robbery had occurred earlier that morning at 23 Bedell Street in Hempstead. The perpetrator, who was identified as "Charlie Boyd", was described as a black male, approximately 40 years old, 5 feet 10 inches tall, approximately 170 pounds, wearing a dirty T-shirt and jeans. Approximately one hour after receiving the radio call, the police officer observed the defendant about four blocks from the robbery scene. The defendant fit the description of the robbery suspect, except for the fact that he was wearing shorts rather than jeans. Moreover, in response to the officer's inquiry, the defendant stated that his name was "Charles Boyd". In view of these circumstances, the police officer clearly had probable cause to place the defendant under arrest (see, People v Brnja, 50 NY2d 366; People v Finlayson, 76 AD2d 670, cert denied 450 US 931).

Additionally, we disagree with the defendant's contention that the Trial Judge's Sandoval ruling was unduly prejudicial. The Sandoval ruling, which permitted the prosecution to inquire into the defendant's two prior robbery convictions, was neither an improvident exercise of the court's discretion nor unduly prejudicial to the defendant (see, People v Bennette, 56 NY2d 142; People v Scott, 118 AD2d 881; People v Rahman, 62 AD2d 968, affd 46 NY2d 882).

Furthermore, we reject the defendant's argument that the Trial Judge deprived him of a fair trial by denying his request for a missing witness charge based upon the prosecution's failure to produce Arlene Lee, who was with the complainant when the robbery occurred. The record establishes that Ms. Lee was not under the control of the prosecution and was not available to testify despite the prosecution's substantial efforts to ensure her presence at trial. Accordingly, the defendant's request for a missing witness charge was properly denied (see, People v Gonzalez, 68 NY2d 424; People v Caldwell, 134 AD2d 440).

We have reviewed the defendant's remaining contention and find it to be without merit. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.