■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
HARRY L. McCLAM, Appellant.—Appeal by the defendant from
a judgment of the County Court, Nassau County (Goodman,
J.), rendered August 4, 1989, convicting him of burglary in the
second degree and criminal possession of stolen property in
the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court's
decision to permit inquiry into one of the defendant's numer-
ous prior burglary convictions was neither an improvident
exercise of discretion nor unduly prejudicial to the defendant
*(see, People v Boyd,* 156 AD2d 701; *People v Hamlin,* 153 AD2d
644; *People v Mercado,* 117 AD2d 627; *People v Rahman,* 62
AD2d 968, *affd* 46 NY2d 882).

Viewing the evidence in the light most favorable to the
prosecution *(see, People v Contes,* 60 NY2d 620), we find that it
was legally sufficient to establish the defendant's guilt of
burglary in the second degree beyond a reasonable doubt. The
defendant's recent and exclusive possession of the fruits of the
crime justified the inference that he had burglarized the
premises in question *(see, People v Baskerville,* 60 NY2d 374).
There was clearly a reasonable basis upon which the jury
could conclude that the explanation provided was false *(see,
People v Alvarez,* 116 AD2d 725; *People v Thornton,* 104 AD2d
426).

The defendant's remaining contentions are either unpre-
served for appellate review or without merit. Thompson, J. P.,
Brown, Eiber and Harwood, JJ., concur.