■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN BURGOS, Appellant. [600 NYS2d 878] —Judgment unanimously affirmed. Memorandum: There is no merit to defendant's contention that he is entitled to a new trial because he was deprived of the right to be present while potential jurors were questioned at the bench by the court. Because defendant's trial was held before the Court of Appeals decided *People v Antommarchi* (80 NY2d 247, *rearg denied* 81 NY2d 759), defendant had no right, statutory or constitutional, to be present at a bench conference with prospective jurors unless such conference "[concerned] the very same witnesses and events which were to be involved in the case to be tried" *(People v Mitchell,* 80 NY2d 519, 529).

Also without merit is defendant's contention that the court's charge was deficient because it did not require moral certainty of guilt. The evidence at trial included defendant's admissions

that the drugs that he was charged with possessing were his. Because defendant's admissions could be interpreted as relevant admissions of guilt *(see, People v Rumble,* 45 NY2d 879, 880), there was both direct and circumstantial evidence *(see, People v Emery,* 159 AD2d 992, *lv denied* 76 NY2d 787), and the court was not, therefore, required to include the "moral certainty" language in its charge *(see, People v Barnes,* 50 NY2d 375, 380).

Defendant was not denied effective assistance of counsel. The record demonstrates that defendant had the benefit of meaningful representation *(see, People v Baldi,* 54 NY2d 137, 147). Nor was defendant denied a fair trial by the court's evidentiary rulings. Although prejudicial evidence of drug sales was improperly admitted, the error was harmless. The proof against defendant, including his repeated admissions, was overwhelming, and there is no reasonable probability that the improperly admitted evidence affected the jury's verdict *(see, People v Crimmins,* 36 NY2d 230).

We have examined defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Oneida County Court, Buckley, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Callahan, J. P., Balio, Doerr, Boomer and Boehm, JJ.