■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL R. ROTH, Appellant. [683 NYS2d 358] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Steuben County Court for resentencing in accordance with the following Memorandum: Defendant appeals from a judgment convicting him after a jury trial of manslaughter in the second degree (Penal Law § 125.15 [1]), vehicular manslaughter in the second degree (Penal Law § 125.12), driving while ability impaired by alcohol (Vehicle and Traffic Law § 1192 [1]) and driving while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4]). There is no merit to defendant's contentions that the proof is legally insufficient to support the conviction of vehicular manslaughter in the second degree and driving while ability impaired by drugs. We agree, however, with defendant's contention that the proof is legally insufficient to support the conviction of manslaughter in the second degree. The evidence, viewed in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620, 621), established that defendant operated an all-terrain vehicle (ATV) at dusk on a downhill curved portion of a dirt roadway and lost control of the ATV. The ATV went over an embankment, and the passenger on the ATV, defendant's girlfriend, died from injuries sustained in the accident. The proof further established that defendant's ability to operate the ATV was impaired by the effects of alcohol and marihuana; that neither he nor his passenger was wearing a helmet; that, although the ATV was designed for two occupants, a sticker on the ATV warned that no passengers were allowed on the vehicle; and

that the vehicle was proceeding in fifth gear at the time of the accident. After the accident, defendant stated that he was going too fast and that his girlfriend had shifted her weight and grabbed his shoulder, causing him to lose control of the ATV. A witness testified that, before proceeding downhill on the dirt road, defendant was not driving at an excessive speed. There is no evidence that defendant drove the ATV erratically or unreasonably approximately two or three hours earlier that day when he drove with his girlfriend as a passenger. We conclude that proof that the ability of defendant to operate the vehicle was impaired, that defendant may have been going too fast for conditions and that his passenger was not wearing a helmet is legally insufficient to establish that defendant operated the ATV recklessly, i.e., that he perceived a substantial and unjustifiable risk of death and that his conscious disregard of that risk constituted a gross deviation from the standard of conduct that a reasonable person would observe in that situation (*see*, Penal Law § 15.05 [3]; *People v Taylor*, 31 AD2d 852, 853-854). That proof is, however, legally sufficient to establish that defendant acted with criminal negligence (*see, People v Van Sickle*, 120 AD2d 897, *lv denied* 68 NY2d 760) to support the conviction of vehicular manslaughter in the second degree (Penal Law § 125.12). Thus, we modify the judgment by reversing the conviction of manslaughter in the second degree, vacating the sentence imposed thereon and dismissing count one of the indictment.

Defendant contends that the guilty verdicts with respect to manslaughter in the second degree and vehicular manslaughter in the second degree are inconsistent with his acquittal of criminally negligent homicide. By failing to raise that contention before the jury was discharged, defendant failed to preserve that contention for our review (*see*, CPL 470.05 [2]; *People v Satloff*, 56 NY2d 745, 746, *rearg denied* 57 NY2d 674). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

The certificate of conviction states that a $300 fine was imposed on the conviction of driving while ability impaired by drugs. Vehicle and Traffic Law § 1193 (1) (b) provides that a violation of Vehicle and Traffic Law § 1192 (4) "shall be punishable by a fine of not less than five hundred dollars", by imprisonment or by both a fine and imprisonment. Because the fine imposed was less than the mandated minimum fine, we further modify the judgment by vacating the $300 fine, and we remit the matter to Steuben County Court for resentencing on

that conviction. (Appeal from Judgment of Steuben County Court, Purple, Jr., J.—Manslaughter, 2nd Degree.) Present—Green, J. P., Pine, Wisner, Balio and Boehm, JJ.