■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS PATRICK MOORE, Appellant. [689 NYS2d 882] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of manslaughter in the second degree (Penal Law § 125.15 [1]) and endangering the welfare of a child (Penal Law § 260.10 [1]) arising out of the death of the 2½-year-old son of defendant's girlfriend, who had entrusted the child to defendant's care. Defendant contends that all of the People's evidence was circumstantial and that County Court therefore erred in failing to give a circumstantial evidence charge. Defendant concedes, however, that defense counsel did not request a circumstantial evidence charge and that no objection was made to the jury charge. Thus, defendant's contention is not preserved for our review (*see,* CPL 470.05 [2]; *People v Clarke*, 222 AD2d 1035, *lv denied* 88 NY2d 934). Were we to address the merits, we would conclude that there is no merit to defendant's contention. Because defendant's admissions could be interpreted as "relevant admission[s] of guilt" (*People v Rumble,* 45 NY2d 879, 880), there was both direct and circumstantial evidence of guilt (*see, People v Burgos,* 195 AD2d 978, *lv denied* 82 NY2d 752; *People v Emery,* 159 AD2d 992, *lv denied* 76 NY2d 787), and the court was not required to give a circumstantial evidence charge (*see, People v Daddona,* 81 NY2d 990, 992; *People v Barnes,* 50 NY2d 375, 379-380; *People v Burgos, supra*). In addition, the court's charge on manslaughter in the second degree was in all respects proper (*see,* 1 CJI[NY]2d PL 125.15 [1], at 125-1019—125-1021). Finally, there is no merit to defendant's contention that the court's charge as a whole was so deficient that it deprived defendant of a fair trial. (Appeal from Judgment of Jefferson County Court, Merrell, J.—Manslaughter, 2nd Degree.) Present—Green, J. P., Hayes, Pigott, Jr., Scudder and Callahan, JJ.