■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOANNE P. DeLONG, Appellant. [704 NYS2d 408] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting her following a jury trial of manslaughter in the second degree (Penal Law § 125.15 [1]), two counts of misdemeanor driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]), and other offenses. Contrary to the contention of defendant, County Court did not err in denying her motion to suppress statements that she made to police. The record establishes that defendant understood the *Miranda* warnings and freely chose to answer questions (*see, People v Benton,* 158 AD2d 987, *lv denied* 75 NY2d 963). The court properly concluded that defendant was neither intoxicated to the degree of mania nor unable to understand the significance of her statements (*see, People v Perry,* 144 AD2d 706, *lv denied* 73 NY2d 925).

Defendant failed to preserve for our review her contention that the court erred in omitting the word "solely" from the jury charge (*see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Defendant declined the court's offer to give a supplemental instruction that the conduct of driving while intoxicated, standing alone, does not render a defendant responsible for a victim's death (*see, People v Donohue,* 229 AD2d 396, 398, *lv denied* 88 NY2d 1020), and thus waived her contention that the court erred in failing to so charge (*see, People v Rivera,* 266 AD2d 244). In any event, the charge as a whole conveyed the proper standard. We further conclude, contrary to defendant's contention, that the court did not err in refusing to give a circumstantial evidence charge (*see, People v Moore,* 259 AD2d 1010, *lv denied* 93 NY2d 1004; *People v Abel,* 166 AD2d 841, 842, *lv denied* 76 NY2d 983).

We reject defendant's contention that the evidence is insufficient to support the conviction of manslaughter in the second degree (*see, People v Verdile,* 119 AD2d 891, 892-893). The evidence establishes that defendant was driving erratically at an

excessive rate of speed on a two-lane suburban road in a highly intoxicated condition. The evidence also establishes that the victim was on the shoulder of the road when defendant's vehicle struck him; defendant neither applied the brakes nor attempted to steer the vehicle to avoid the impact; and the victim was thrown or tumbled nearly 200 feet from the point of impact and died immediately. Such proof permits the inference that defendant recklessly caused the death of another, either by consciously disregarding the substantial and unjustifiable risk that such result would occur or by being unaware of that risk solely by reason of her voluntary intoxication (*see,* Penal Law § 15.05 [3]; § 125.15 [1]). Finally, the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495), and the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Oneida County Court, Donalty, J.—Manslaughter, 2nd Degree.) Present—Pine, J. P., Hayes, Pigott, Jr., and Balio, JJ.