■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID SCHERMERHORN, Respondent. [727 NYS2d 440] —Appeal by the People from an order of the Supreme Court, Queens County (Blackburne, J.), dated March 16, 2000, which granted the defendant's motions (1) to set aside his convictions of robbery in the first degree (two counts) and robbery in the second degree, as repugnant to his acquittal of robbery in the third degree, and (2) pursuant to CPL 290.10 for a trial order of dismissal of his convictions of burglary in the first degree (two counts), burglary in the second degree, and burglary in the third degree.

Ordered that the order is reversed, on the law, the motions are denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Queens County, for sentencing.

Under the circumstances of this case, the defendant's acquittal of robbery in the third degree did not render repugnant his convictions of robbery in the first degree and robbery in the second degree. In its charge to the jury on robbery in the third degree, the court added the element, not present in its charges on robbery in the first degree and robbery in the second degree, that the People must have proved beyond a reasonable doubt that the defendant forcibly stole both "United States currency and personal property." In its charge on the greater crimes, only "property," not "United States currency" was the subject of the forcible theft. In fact, the evidence that cash was stolen was equivocal and it was not taken from any of the victims enumerated in the indictment and charge. Accordingly, the verdict was not repugnant (*see, People v Tucker,* 55 NY2d 1; *People v Castillo,* 260 AD2d 643). In addition, the defendant did not object to the charge as given and as re-read in response to a request from the jury (*see, People v Williams,* 255 AD2d 408; *People v O'Sullivan,* 258 AD2d 330).

If the jury rendered a repugnant verdict, the court was obligated to explain the defect to the jury and direct it to reconsider

the verdict (CPL 310.50 [2]). Nothing in our decision in *People v Belvin* (47 AD2d 929) relieved Trial Judges of this mandate.

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt as an accessory to burglary in the first degree, burglary in the second degree, and burglary in the third degree (*see,* Penal Law 20.00; *People v Soto,* 216 AD2d 337). According to the trial testimony, the defendant rang a friend's doorbell and was admitted to his apartment. Once the door was opened, however, the defendant's three masked and armed companions rushed into the friend's dwelling and stole property at gun and knife-point from him and two other people. During the crime, the defendant stood by the door, apparently acting as a lookout, and also helped one of the masked men search a closet. The defendant then fled the scene with his companions. On this record, the trial court erred in granting the defendant's motion for a trial order of dismissal of the four burglary counts under CPL 290.10. Ritter, J. P., Santucci, Goldstein and Crane, JJ., concur.