THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM J. MILLER, Appellant. [730 NYS2d 617] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of manslaughter in the second degree (Penal Law § 125.15 [1]), assault in the third degree (Penal Law § 120.00 [2]), and various Vehicle and Traffic Law offenses. Defendant contends that the evidence is legally insufficient to support the conviction of manslaughter and assault because the People failed to establish that defendant engaged in reckless behavior. Defendant preserved this issue for our review only with respect to the manslaughter conviction. In any event, his contention is without merit. The evidence, viewed in the light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), establishes that, on the day of the incident, defendant stole a bicycle from the parking lot of a restaurant and placed it in the van that he was driving. Defendant proceeded to drive the van north on a rural road at a speed of over 75 miles per hour. The road had no posted speed limit. One of the passengers in the van told defendant to slow down, but he did not comply. Defendant failed to stop for one stop sign and, as he approached the intersection where the accident occurred, that same passenger asked him if he was "going to stop for this [stop sign]." Defendant did not stop at the intersection and collided with a van traveling west on a road with no stop sign, and with a vehicle that was stopped at the stop sign at the opposite side of the intersection. The accident reconstructionists testified at trial that, at the time of the collision, defendant's van was traveling considerably faster than the other van, which was traveling between 50 and 55 miles per hour. Based on that evidence, the jury could infer that defendant recklessly caused the death of one victim and the physical injury of another by consciously disregarding the substantial and unjustifiable risk that the death and physical injury would occur when he disregarded the stop sign and drove through the intersection at a speed greater than 55 miles per hour (see, Penal Law § 15.05 [3]; People v DeLong, 269 AD2d 824, 824-825, lv denied 94 NY2d 946; People v Crandall, 255 AD2d 617, 619; People v Verdile, 119 AD2d 891, 892-893).

Defendant's contention that Supreme Court failed to provide an adequate response to the jury's questions during deliberations is not preserved for our review (see, People v Spinks, 244 AD2d 921, 922; People v Molling, 238 AD2d 915). In any event, that contention is without merit. The jury did not ask the court

to reread the definition of the term "recklessly" (*see,* Penal Law § 15.05 [3]), and thus, contrary to defendant's contention, there was no reason for the court to provide a further explanation of what constitutes reckless behavior. The court responded meaningfully to the jury's request for further instructions (*see, People v Malloy,* 55 NY2d 296, 301, *cert denied* 459 US 847; *People v Molling, supra*). Defendant further contends that the court erred in admitting evidence of prior uncharged criminal acts, namely, that defendant stole a bicycle and that he had previously failed to stop at a stop sign before he failed to do so at the intersection where the accident occurred. That evidence was admissible because it was relevant to defendant's motive for speeding and was needed to complete the narrative of the events that occurred (*see, People v Till,* 87 NY2d 835, 836-837). The court properly concluded that the probative value of the evidence exceeded its potential for prejudice (*see generally, People v Till, supra,* at 836-837). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Manslaughter, 2nd Degree.) Present—Pine, J. P., Hayes, Hurlbutt, Burns and Gorski, JJ.