■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES JOHNSON, Appellant. [815 NYS2d 136]—

Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered June 29, 2004, convicting him of burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly denied that branch of his omnibus motion which was to suppress his statements to the police. The factual findings and credibility determinations of the County Court following a suppression hearing are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record (*see People v Tissiera,* 22 AD3d 611 [2005]; *People v Myers,* 17 AD3d 699, 700 [2005]; *People v Leggio,* 305 AD2d 518, 519 [2003]). The record here amply supports the court's determination to credit the testimony of the detective and to reject the testimony of the defendant, who claimed, inter alia, that during the interrogation, he was tired and under the influence of drugs and alcohol, and was not advised of his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]; *People v Harris,* 134 AD2d 369 [1987]; *see also People v King,* 183 AD2d 785, 786 [1992]; *People v Auxilly,* 173 AD2d 627, 628-629 [1991]).

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Schermerhorn*, 283 AD2d 524, 525 [2001]; *People v Arias*, 270 AD2d 354 [2000]; *People v Soto*, 216 AD2d 337 [1995]; *People v Wright*, 129 AD2d 600 [1987]; *see also People v McClam*, 173 AD2d 861 [1991]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Adams, J.P., Mastro, Fisher and Covello, JJ., concur.