■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLIE JENNEMAN, Appellant. [832 NYS2d 207]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Doyle, J.), rendered July 23, 2004, convicting her of manslaughter in the second degree, leaving the scene of an incident without reporting, and failing to stay in a designated lane, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress her statements to the police.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress her statements to the police. The credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record (see People v Collier, 35 AD3d 628 [2006]; People v Johnson, 29 AD3d 603 [2006]; People v Tissiera, 22 AD3d 611 [2005]; People v Cunningham, 307 AD2d 366 [2003]). The record supports the hearing court's decision to credit the testimony of the two police witnesses, which established that the defendant's right to counsel had not attached when she made inculpatory statements to them, and that her statements were voluntary (see People v Daniels, 35 AD3d 756 [2006]; People v Johnson, supra; People v Cunningham, supra).

Viewing the evidence presented at trial in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of manslaughter in the second degree, and leaving the scene of an incident without reporting, beyond a reasonable doubt (see People v Henrius, 6 AD3d 548 [2004]; People v Wolz, 300 AD2d 606 [2002]; People v Miller, 286 AD2d 981 [2001]; People v DeLong, 269 AD2d 824; People v Patti, 229 AD2d 506 [1996]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]; see People v Romero, 7 NY3d 633 [2006]).

Furthermore, we reject the defendant's contention that the trial court erred in admitting certain evidence concerning her actions on the night of the victim's death. The challenged evidence did not "concern the type of illegal or immoral conduct which would deprive the defendant of a fair trial" (People v Gonsa, 220 AD2d 27, 30 [1996]; see People v Jones, 293 AD2d

489 [2002]; *People v Reid,* 259 AD2d 505 [1999]; *People v Flores,* 210 AD2d 1 [1994]). In any event, even assuming that this evidence could be considered evidence of prior bad acts or uncharged crimes, it was properly admitted to complete the narrative of events surrounding the charged crimes (*see People v Molineux,* 168 NY 264 [1901]; *People v Jones, supra; People v Mateen,* 227 AD2d 350 [1996]). Miller, J.P., Krausman, Fisher and Dillon, JJ., concur.