(February 13, 2008)

■ John Armentano et al., Plaintiffs, v Broadway Mall Properties, Inc., et al., Defendants, Lehrer McGovern Bovis, Inc., et al., Appellants, and CCM, Inc., Respondent. (And a Third-Party Action.) [852 NYS2d 266]—

In an action to recover damages for personal injuries, etc., the defendants Lehrer McGovern Bovis, Inc., and Garito Contracting, Inc., separately appeal, as limited by their respective briefs,

from so much of an order of the Supreme Court, Nassau County (Spinola, J.), dated October 27, 2006, as granted the motion of the defendant CCM, Inc., for summary judgment dismissing all cross claims for contribution and indemnification asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Contrary to the appellants' contentions, the Supreme Court did not err in entertaining the respondent's motion for summary judgment even though it was made more than 120 days after the filing of the note of issue (see CPLR 3212 [a]). While CPLR 3212 (a) requires that a motion for summary judgment be made no later than 120 days after the filing of the note of issue, there is an exception for motions made with leave of court on good cause shown (see Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725 [2004]; Brill v City of New York, 2 NY3d 648 [2004]). Here, such good cause was shown. The respondent based its motion for summary judgment, dated August 15, 2006, upon a decision and order of this Court dated June 13, 2006, in a prior appeal in this matter (30 AD3d 450 [2006]) reversing, inter alia, an order denying its cross motion for summary judgment dismissing the complaint against it and granting that cross motion. Under these circumstances, the Supreme Court providently exercised its discretion in finding that good cause existed to entertain the late motion for summary judgment (see Trump Vil. Section 3 v New York State Hous. Fin. Agency, 307 AD2d 891 [2003]).

On the merits, the Supreme Court did not err in granting the respondent's motion for summary judgment dismissing all cross claims for contribution and indemnification asserted against it (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In response to the respondent's establishment of its prima facie entitlement to judgment as a matter of law (see Raquet v Braun, 90 NY2d 177, 182-183 [1997]; see also Singh v Black Diamonds LLC, 24 AD3d 138, 140 [2005]), the appellants failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Spolzino, J.P., Florio, Miller and Dickerson, JJ., concur.