■ DAIMLERCHRYSLER INSURANCE COMPANY, as Subrogee of DCFS Trust, Respondent, v LESLIE W. JENNEMAN, Appellant. [943 NYS2d 597]—

In an action to recover a settlement payment made in an underlying action to recover damages for wrongful death, the defendant appeals from an order of the Supreme Court, Suffolk County (Farneti, J.), dated May 5, 2010, which granted the plaintiff's motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

The defendant, Leslie W. Jenneman, leased a Jeep Grand Cherokee from nonparty DCFS Trust. The plaintiff, Daimler-Chrysler Insurance Company, as subrogee of DCFS Trust, provided insurance coverage to DCFS Trust. While driving the Grand Cherokee on November 20, 2002, Jenneman struck and killed a pedestrian. She was convicted of manslaughter in the second degree, and this Court affirmed (*see People v Jenneman*, 37 AD3d 736 [2007]). The pedestrian's estate sued Jenneman and DCFS Trust for wrongful death, and that case was settled for $200,000. The plaintiff paid $100,000 of that settlement and subsequently commenced this action against Jenneman to recover the sum it paid toward the settlement, alleging that it became subrogated to DCFS Trust's right to common-law

indemnification from Jenneman. The plaintiff moved for summary judgment on the complaint on the ground that Jenneman's affirmed conviction entitled it to judgment as a matter of law. In an order dated May 5, 2010, the Supreme Court granted the plaintiff's motion for summary judgment on the complaint. Jenneman appeals, and we affirm.

"[T]he key element of a common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is 'a separate duty owed the indemnitee by the indemnitor' " (*Raquet v.Braun*, 90 NY2d 177, 183 [1997], quoting *Mas v Two Bridges Assoc.*, 75 NY2d 680, 690 [1990]). Indemnity "may be based upon an express contract, but more commonly the indemnity obligation is implied . . . based upon the law's notion of what is fair and proper as between the parties" (*Mas v Two Bridges Assoc.*, 75 NY2d at 690). "Where a criminal conviction is based upon facts identical to those in issue in a related civil action, the plaintiff in the civil action can successfully invoke the doctrine of collateral estoppel to bar the convicted defendant from relitigating the issue of . . . liability" (*McDonald v McDonald*, 193 AD2d 590, 590 [1993]; *see City of New York v College Point Sports Assn., Inc.*, 61 AD3d 33, 41 [2009]).

Here, the plaintiff established, prima facie, that collateral estoppel effect should be given to Jenneman's conviction, and that, as subrogee of DCFS Trust, it is entitled to common-law indemnification from her (*see Blaich v Van Herwynen*, 37 AD3d 387 [2007]). In opposition, Jenneman failed to raise a triable issue of fact. Therefore, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint.

Jenneman's remaining contentions are without merit. Dillon, J.P., Balkin, Eng and Chambers, JJ., concur.