■ GARY R. DeFILIPPO, Appellant, v MITCHELL G. MILLER et al., Respondents. [964 NYS2d 594]—

In an action, inter alia, to recover damages for assault and battery and negligent supervision, the plaintiff appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated June 25, 2009, which granted that branch of the motion of the defendant Mitchell G. Miller which was for summary judgment dismissing the complaint insofar as asserted against him, granted the motion of the defendant Toto's South Shore Country Club, Ltd., for summary judgment dismissing the complaint insofar as asserted against it, and denied that branch of the plaintiff's cross motion which was pursuant to CPLR 2201 to stay all proceedings in the action pending determination of his appeal from a judgment of conviction rendered in a related criminal action.

Ordered that the appeal from so much of the order as denied that branch of the plaintiff's cross motion which was pursuant to CPLR 2201 to stay all proceedings in the action pending determination of his appeal of a judgment of conviction rendered in a related criminal action is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent Toto's South Shore Country Club, Ltd.

In a decision and order dated November 14, 2012, this Court affirmed the judgment of conviction in a related criminal action

(*see People v DeFilippo*, 100 AD3d 767 [2012], *lv denied* 20 NY3d 1060 [2013]). Thus, the plaintiff's contention that the Supreme Court improvidently exercised its discretion in denying that branch of his cross motion which was to stay the instant action pending determination of that appeal has been rendered academic.

The plaintiff contends that the Supreme Court erred in entertaining the defendants' respective motions for summary judgment, even though they were made outside of the statutorily prescribed period for making such motions (*see* CPLR 3212 [a]). However, the Supreme Court properly entertained the motions, as the defendants demonstrated good cause for the delay (*see Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725, 726-727 [2004]; *Brill v City of New York*, 2 NY3d 648 [2004]). The defendants argued in their motions that the plaintiff's conviction in a related criminal action, which was based on facts identical to the facts in this civil action, barred him from relitigating the issue of liability in this action (*see Maiello v Kirchner*, 98 AD3d 481, 482 [2012]; *DaimlerChrysler Ins. Co. v Jenneman*, 95 AD3d 928, 929 [2012]; *County of Suffolk v All County Paving Corp.*, 66 AD3d 630, 632 [2009]; *McDonald v McDonald*, 193 AD2d 590 [1993]). Since the judgment of conviction in the criminal action was rendered shortly before the defendants made their motions, they could not have made their motions any sooner. Under these circumstances, the Supreme Court providently exercised its discretion in finding that good cause existed to entertain the late motions for summary judgment (*see Armentano v Broadway Mall Props., Inc.*, 48 AD3d 493, 494 [2008]).

The plaintiff's contentions regarding a related civil action, in which he is a defendant, are not properly before this Court, as the order appealed from was limited to the instant action. Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.