Bank of N.Y. Mellon v Zavolunov (2018 NY Slip Op 00271)





Bank of N.Y. Mellon v Zavolunov


2018 NY Slip Op 00271


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-01032
 (Index No. 503892/14)

[*1]Bank of New York Mellon, etc., respondent, 
v
Eleanor Zavolunov, appellant, et al., defendants.


Biolsi Law Group, P.C., New York, NY (Steven A. Biolsi and Juan Paolo F. Dizon of counsel), for appellant.
Stern & Eisenberg, P.C., Depew, NY (Margaret J. Cascino and Nicole M. Falcey of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Kings County (Graham, J.), entered December 21, 2015. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to extend the time to move for summary judgment, for summary judgment on the complaint insofar as asserted against the defendant Eleanor Zavolunov, and for an order of reference.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Eleanor Zavolunov and for an order of reference, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Eleanor Zavolunov.
The plaintiff commenced this action against the defendant Eleanor Zavolunov (hereinafter the defendant), among others, to foreclose a mortgage on certain real property in Brooklyn. The defendant interposed an answer asserting various affirmative defenses, including lack of standing. Thereafter, the plaintiff moved, inter alia, for an extension of time to move for summary judgment, for summary judgment on the complaint insofar as asserted against the defendant, and for an order of reference. The defendant opposed the motion, arguing that the motion was untimely under NY Kings County Supreme Court Uniform Civil Term Rules Pt. C, Rule 6. The defendant asserted, in the alternative, that the plaintiff failed to eliminate triable issues of fact as to its standing to commence the action, and failed to demonstrate its strict compliance with RPAPL 1304. The Supreme Court, inter alia, granted those branches of the plaintiff's motion, and the defendant appeals.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to extend the time to move for summary judgment, as the plaintiff demonstrated good cause for making the motion more than 60 days after the filing of the note of issue, as required by NY Kings County Supreme Court Uniform [*2]Civil Term Rules Pt. C, Rule 6 (see Popalardo v Marino, 83 AD3d 1029, 1030; Ramos v Triboro Coach Corp., 31 AD3d 625; see also DeFilippo v Miller, 106 AD3d 770).
Nevertheless, the Supreme Court erred in granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. "Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689; see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). Furthermore, where the plaintiff in a residential foreclosure action alleges in its complaint that it has served an RPAPL 1304 notice on the borrowers, a plaintiff moving for summary judgment must "prove its allegation by tendering sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106).
RPAPL 1304(1), which applies to home loans, provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute sets forth the requirements for the content of such notice (see id.), and provides that such notice must be sent by registered or certified mail and by first-class mail to the last known address of the borrower and to the subject residence (see RPAPL 1304[2]). "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 106; see Citibank, N.A. v Wood, 150 AD3d 813, 814; Flagstar Bank, FSB v Damaro, 145 AD3d 858, 860).
Here, the plaintiff failed to establish, prima facie, that it complied with the requirements of RPAPL 1304 (see M & T Bank v Joseph, 152 AD3d 579; CitiMortgage, Inc. v Pappas, 147 AD3d 900; Bank of N.Y. Mellon v Aquino, 131 AD3d 1186, 1186; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910). In moving for summary judgment, the plaintiff submitted the affidavit of Jason Ussery, a representative of its loan servicer, who stated that "[a]t least 90 days prior to the commencement of the action, notice was sent to Defendant by certified mail and first class mail to the last known address of the Defendant and, if different, to the residence that is the subject of the mortgage." Ussery annexed copies of the 90-day notices mailed to the defendant, all of which contained a bar code with a 20-digit number below it, but no language indicating that a mailing was done by first-class or certified mail, or even that a mailing was done by the U.S. Postal Service (see Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049). Moreover, Ussery did not make the requisite showing that he was familiar with the plaintiff's mailing practices and procedures, and therefore did not establish "proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed" (id. at 1050-1051; see Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890; Citibank, N.A. v Wood, 150 AD3d 813; CitiMortgage, Inc. v Pappas, 147 AD3d at 901).
Since the plaintiff failed to establish, prima facie, that it complied with the requirements of RPAPL 1304, the Supreme Court should have denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med Ctr., 64 NY2d 851, 853).
CHAMBERS, J.P., COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court