People v Romeiser (2020 NY Slip Op 04054)





People v Romeiser


2020 NY Slip Op 04054


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND BANNISTER, JJ.


615 KA 18-02411

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JODIE L. ROMEISER, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered December 18, 2018. The judgment convicted defendant upon a jury verdict of assault in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law, the indictment is dismissed and the matter is remitted to Ontario County Court for proceedings pursuant to CPL 470.45.
Memorandum: On appeal from a judgment convicting her upon a jury verdict of two counts of assault in the third degree (Penal Law
§ 120.00 [2]), defendant contends that the conviction is not supported by legally sufficient evidence with respect to the element of recklessness. Defendant failed to preserve that contention for our review, however, "because [her] motion for a trial order of dismissal was not specifically directed at the ground[] advanced on appeal' " (People v Johnson, 78 AD3d 1548, 1548 [4th Dept 2010], lv denied 16 NY3d 743 [2010]; see People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). We nevertheless exercise our power to review her challenge as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We agree with defendant that the conviction of both counts of assault in the third degree is not supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The evidence submitted by the People is insufficient to establish that defendant acted recklessly, "i.e., that [s]he perceived a substantial and unjustifiable risk of [injury] and that [her] conscious disregard of that risk constituted a gross deviation from the standard of conduct that a reasonable person would observe in that situation" (People v Roth, 256 AD2d 1206, 1207 [4th Dept 1998]; see Penal Law
§ 15.05 [3]; cf. People v Crosby, 151 AD3d 1184, 1187-1188 [3d Dept 2017]; People v Miller, 286 AD2d 981, 981 [4th Dept 2001], lv denied 97 NY2d 657 [2001]).
Defendant's remaining contentions are academic in light of our determination.
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court