People v Hernandez (2020 NY Slip Op 04860)





People v Hernandez


2020 NY Slip Op 04860


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-00375
 (Ind. No. 1456/15)

[*1]The People of the State of New York, respondent,
v
Apolo Hernandez, appellant.


Janet E. Sabel, New York, NY (Allen Fallek of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Jordan Cerruti of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered December 19, 2016, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On the morning of December 20, 2014, police officers responded to a call for a rescue at the apartment of the defendant's mother, Ruth Maceira, in Brooklyn. Upon entering the apartment, they found Maceira dead. The officers observed "a lot of blood," including bloody shoe prints, throughout the apartment. A red, white, and blue hoodie, as well as cell phones belonging to Maceira and the defendant were found in the apartment. The defendant was arrested later that day on an unrelated bench warrant, and during the arrest a detective observed the defendant make several attempts to either discard or destroy his sneakers. During these attempts, the detective noticed that the soles of the defendant's sneakers "appeared to have been burnt" or "melted down." While executing a search warrant for the defendant's apartment, detectives noted that the apartment smelled of burnt rubber, and mounds of an unknown gray substance were discovered on the gas stove top.
The defendant was subsequently charged with the murder of Maceira. During a Molineux hearing (see People v Molineux, 168 NY 264), the defendant objected to the introduction of testimony concerning the details and the aftermath of a pending prosecution against the defendant for allegedly raping his then-14-year-old sister in 2008. The Supreme Court determined that the details of this prior criminal act would be excluded at trial and that it would be referred to only as a "felony," but testimony about the effect the incident had on the defendant's immediate family would not be excluded. The defendant also made general objections to the introduction of two text messages sent by Maceira. One message, sent on December 13, 2014, stated that Maceira intended to confront the defendant about the alleged incident involving his sister. The other message, sent on December 17, 2014, stated that the defendant would be coming back to Maceira's apartment that evening. At the conclusion of the trial, the defendant was convicted of murder in the second degree.
The defendant argues on appeal that the two text messages sent by Maceira in the [*2]days leading up to her death were hearsay statements that were improperly admitted into evidence. However, the defendant "failed to advise the trial court that the present claimed error[s] [were] the basis for his objection," and therefore these hearsay arguments are unpreserved for appellate review (People v Tevaha, 84 NY2d 879, 879). In any event, both of these statements were admissible under the state-of-mind exception to the hearsay rule (see People v James, 93 NY2d 620, 634-635; People v Borukhova, 89 AD3d 194, 220).
The defendant's contention that the Supreme Court erred in its Molineux ruling is without merit. The evidence of the prior criminal act was not offered for propensity purposes, but rather was offered to complete the narrative of events surrounding the murder of Maceira, to explain the relationship among the defendant, Maceira, and their immediate family, and to establish the defendant's motive (see People v Laverpool, 52 AD3d 622, 622; People v Jenneman, 37 AD3d 736, 738; People v Ramsey, 1 AD3d 538, 538; People v Wright, 288 AD2d 409, 410). In addition, the court properly limited the description of the defendant's prior criminal act, allowing it to be referred to only as a felony case in which the defendant's youngest sister was the victim, and the court properly gave the jury a limiting instruction that it should not consider the evidence for the purpose of demonstrating the defendant's criminal propensity.
The defendant's remaining contentions are without merit.
DILLON, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court