■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LESTER JAMES WEAVER, Respondent.—Order affirmed. Memorandum: The Trial Judge, although not empowered to set aside or modify the verdict in the interest of justice, was authorized, nonetheless, to entertain and determine at any time before sentence a motion to dismiss the indictment in furtherance of justice pursuant to CPL 210.40 (see, CPL 255.20 [3]). We find no abuse of discretion here by the grant of the postverdict motion to dismiss the indictment for criminal mischief in the third degree.

All concur, except Callahan, J. P., who dissents and votes to reverse and deny the motion, in the following memorandum.

Callahan, J. P. (dissenting). I must dissent as the Trial Judge had no power, in the circumstance of this case, to dismiss the indictment after the jury had rendered its verdict, even if made prior to sentence (see, People v Carter, 63 NY2d 530, 538). The majority misconstrue the language of CPL 255.20 [3]. "Fairness and constitutionality are preserved in the procedure set forth in CPL 255.20 by not foreclosing subsequent motions, on a general basis, if good cause and interest of justice incline a judge to exercise discretion favorably." (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 255.20, pp 439-440.) The intent therein is to provide a vehicle, in the interests of justice, to entertain a pretrial motion which had not been made within the requisite 45-day period "which the defendant could not, with due diligence, have been aware or which for other good cause could not reasonably have been [previously] raised". (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 255.20, p 440.) The statute does not permit a Trial Judge to entertain reargument of a pretrial motion which had been denied three times prior to the verdict. In my view, CPL 255.20 (3) does not authorize the Trial Judge in this case to dismiss the indictment in furtherance of justice pursuant to CPL 210.40 (see, People v Carter, supra, p 536). (Appeal from order of Supreme Court, Onondaga County, Gorman, J.—criminal mischief, third degree.) Present—Callahan, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.