■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PHYLLIS D. FIELD, Respondent.—Appeal by the People, as limited by their brief, from so much of an order of the County Court, Nassau County (Winick, J.), dated March 30, 1989, as granted that branch of the defendant's motion which was to dismiss the indictment.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion in the interest of justice, that branch of the defendant's motion which was to dismiss the indictment is denied, the jury verdict is reinstated, and the matter is remitted to the County Court, Nassau County, for sentencing.

The defendant was charged with the crime of leaving the scene of an incident without reporting, as a felony, in violation of Vehicle and Traffic Law § 600 (2) (a). On January 18, 1989, the jury returned a verdict finding the defendant guilty of this crime.

On February 8, 1989, the defendant moved pursuant to CPL 330.30 (1) to set aside the jury verdict on various grounds or, in the alternative, to dismiss the indictment in the furtherance of justice pursuant to CPL 210.40. In a decision and

order dated March 30, 1989, the County Court found that there was no basis upon which to set aside the verdict pursuant to CPL 330.30 (1), and implicitly denied so much of the defendant's motion as sought relief on this basis. However, the court granted so much of the defendant's motion as was for an order dismissing the indictment in the furtherance of justice (see, CPL 210.20 [1] [i]; 210.40). On this appeal by the People (CPL 450.20 [1]), we review so much of the order as dismissed the indictment and thereby "adversely affected" the People (see, CPL 470.15). We conclude that the order should be reversed insofar as reviewed.

The defendant's motion, insofar as it was for an order dismissing the indictment in the furtherance of justice, was untimely since it was not made within 45 days after the defendant's arraignment (CPL 255.10 [1] [a]; 255.20 [1]; *People v Longwood,* 116 AD2d 590, 591). We also find that the defendant failed to demonstrate the "good cause" necessary in order to excuse this procedural default (CPL 255.20 [3]).

We further conclude, as a matter of discretion, that the motion to dismiss the indictment should have been denied on the merits. CPL 210.40 authorizes the courts of this State, in the exercise of "judicial discretion", to dismiss a criminal prosecution without the consent of the public officer elected by the People to enforce the criminal law. This is, needless to say, a power which should be exercised most sparingly, and only in those cases where some "compelling factor" (CPL 210.40 [1]) warrants the conclusion that the court should substitute its discretion for that of the District Attorney, the State officer normally charged with the responsibility of "determining when and in what manner to prosecute a suspected offender" *(People v Di Falco,* 44 NY2d 482, 486).

We find that there is no "compelling factor" which would warrant the extraordinary relief granted by the trial court in this case. There may well be circumstances which mitigate the defendant's culpability, and which should properly bear upon the trial court's sentencing determination. Such circumstances, however, are not so "compelling" as to warrant a dismissal of the indictment "in the furtherance of justice" *(see generally, People v Perez,* 156 AD2d 7, 10; *People v Insignares,* 109 AD2d 221; *People v Andrew,* 78 AD2d 683). Mangano, P. J., Bracken, Kunzeman and Sullivan, JJ., concur.