■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN TROY, Appellant. [619 NYS2d 892] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of grand larceny in the third degree, in connection with the theft of $6,692, defendant contends that the victim loaned the money to him, that he intended to repay the loan and that he did not intend to deprive the victim of his money permanently.

There is no merit to the contention that defendant's bank records were illegally seized by the prosecution through the issuance of subpoenas *(see,* CPL 610.25; *Matter of Cappetta,* 42 NY2d 1066, 1067). Additionally, there is no merit to the contention that the Grand Jury proceedings were rendered defective due to the failure of the temporary Grand Jury stenographer to take the oath of office. The record does not demonstrate that the presence of the unsworn stenographer impaired the integrity of the Grand Jury proceedings and created a possibility of prejudice to defendant *(see,* CPL 210.35 [5]; *People v Dunbar,* 53 NY2d 868; *People v Verkey,* 185 AD2d 622, 623; *cf., People v Sayavong,* 83 NY2d 702).

We reject the contentions that the indictment was duplicitous *(see,* CPL 200.30 [1], [2]) and that the indictment was improperly consolidated for trial with the indictment against the codefendant *(see,* CPL 200.40 [2]; *see also, People v Griffin,* 137 AD2d 558, 559, *lv denied* 70 NY2d 1006).

As a result of a press conference held by the prosecutor on the day before trial commenced, an article regarding the trial was published the following day in a newspaper having general circulation in Cayuga County. That article discussed the nature of the so-called "white collar crime" for which defendant was indicted. Defendant became aware of the article after two jurors were sworn. Defendant was given full opportunity to voir dire the sworn and prospective jurors before the

trial commenced and failed to avail himself of that opportunity. By that failure, defendant demonstrated that he was satisfied with the jury. Furthermore, the article, even if read by the jurors, did not jeopardize defendant's right to a fair and an objective verdict according to the evidence (see, People v Genovese, 10 NY2d 478, 481-482; People v Costello, 104 AD2d 947, 948).

Equally without merit is the contention that the court improperly conducted, in defendant's absence, side-bar conferences with prospective jurors before the formal voir dire (see, People v Velasco, 77 NY2d 469, 472-473).

The prosecutor's opening statement was sufficient in that it "set forth the nature of the charge against the accused and state[d] briefly the facts he expect[ed] to prove, along with the evidence he plan[ned] to introduce in support of the same" (People v Kurtz, 51 NY2d 380, 384, cert denied 451 US 911; see also, People v Benham, 160 NY 402, 434). Although the prosecutor made improper comments in his opening statement, during the trial and in his summation, those comments do not require reversal (see, People v Rubin, 101 AD2d 71, 77; cf., People v Mott, 94 AD2d 415, 419).

The court did not abuse its discretion in placing a time limitation on defense counsel's summation. Although a closing argument is a basic element of the defense, the trial court is given great latitude in controlling the duration and scope of summation (see, People v Brown, 136 AD2d 1, 16, lv denied 72 NY2d 857, cert denied 488 US 897; People v Demerritt, 113 AD2d 898, 899, lv denied 66 NY2d 918).

Contrary to the contention of defendant, the court's charge and evidentiary rulings do not require reversal. Additionally, although the court erred in denying defendant's motion to dismiss the indictment in furtherance of justice pursuant to CPL 210.40 on the ground that the motion was untimely (see, CPL 255.20; People v Field, 161 AD2d 660; People v Weaver, 112 AD2d 782, lv denied 65 NY2d 989), that error does not require reversal. The motion should have been denied on the merits in any event (see, People v Field, supra, at 661). Moreover, we decline defendant's invitation to dismiss the indictment as a matter of discretion in the interest of justice pursuant to CPL 470.15 (3) (c).

We have reviewed the remaining contentions advanced by defendant and conclude that each one is lacking in merit. (Appeal from Judgment of Cayuga County Court, Contiguglia, J.—Grand Larceny, 3rd Degree.) Present—Denman, P. J., Pine, Lawton, Wesley and Davis, JJ.