■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BERTONE, Appellant. [790 NYS2d 311]—

Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered July 17, 2003, upon a verdict convicting defendant of the crimes of criminal mischief in the fourth degree, criminal contempt in the first degree and assault in the third degree.

Defendant was the long-time boyfriend of the victim and the father of her four children. In April 2002, police responded to a report of domestic violence at the place where defendant and the victim resided and observed injuries to the victim's arm and leg as well as a damaged bathroom door that defendant had allegedly kicked. Thereafter, a six-month order of protection was issued in May 2002. While the order of protection did not require defendant to stay away from the place where the victim lived, it did direct him to refrain from, among other things, assaulting, harassing or threatening her. In September 2002, police were again dispatched to the residence following a 911 call by the victim. The officers observed that the victim had a black right eye and dried blood on her shirt sleeve. Defendant was subsequently indicted on seven counts, three of which—criminal mischief in the fourth degree arising from the April 2002 incident and criminal contempt in the first degree and assault in the third degree resulting from the September 2002 incident—survived dismissal motions and were eventually submitted to a jury. At the trial, the victim gave testimony supportive of defendant and inconsistent with her prior sworn statements, prompting County Court to declare her a hostile witness and allowing the prosecutor to impeach her. The jury found defendant guilty of the three counts submitted to it. He was sentenced to concurrent prison terms of one year for criminal mischief, one year for assault, and 2 to 4 years (as a second felony offender) for criminal contempt. Defendant appeals.

We consider first defendant's argument that his conviction for criminal mischief in the fourth degree was not supported by legally sufficient evidence. Legally sufficient evidence is present when the proof, viewed most favorably to the People, provides a basis for a rational juror to find beyond a reasonable doubt that defendant committed each element of the charged crime (*see People v Contes*, 60 NY2d 620, 621 [1983]; *see also* CPL 70.10 [1]). An essential element of criminal mischief in the fourth degree is that defendant damaged property of another person

(*see* Penal Law § 145.00 [1]; *People v Kittel*, 36 AD2d 730, 730 [1971]). Here, the People failed to prove who owned the residence that defendant damaged in April 2002. The victim did not testify as to whether she had any ownership or other legal interest in the house. Interestingly, the jury, after commencing its deliberations, sent out a note inquiring whether there was evidence of who owned or leased the property. The prosecutor acknowledged when discussing this note with County Court that proof on such issue may have been glossed over. While one of the People's exhibits contained information indicating ownership by the victim, this exhibit was admitted solely for impeachment on another issue and specifically not as evidence-in-chief. Defendant had lived about nine years at the residence he damaged. The People failed to prove an ownership interest by another person, which was an essential element of the crime. The conviction for criminal mischief in the fourth degree must therefore be reversed.

Defendant's challenge to the legal sufficiency and weight of the evidence of the remaining charges is unpersuasive. Each of the elements of those crimes was supported by sufficient evidence. Moreover, after considering the evidence in a neutral light and deferring to the credibility determinations of the jury, we find that the verdict is supported by the weight of the evidence as to those two remaining crimes (*see People v Polanco*, 13 AD3d 904, 906 [2004]). Contrary to defendant's contention, there is ample evidence of the victim's physical injuries in the record to support these convictions.

Defendant argues that the tape of the victim's 911 call from September 2002 was hearsay and that it was error for County Court to admit that tape into evidence. While this 911 call—which was made several hours after the incident because the victim's phone was not working—has not been shown to fall within any hearsay exception (*see People v Kello*, 96 NY2d 740, 742-743 [2001]), defendant did not assert a hearsay objection at trial and, accordingly, the issue was not preserved for review (*see People v Young*, 296 AD2d 588, 590 [2002], *lv denied* 99 NY2d 536 [2002]). In any event, we find the error in admitting the recording of the 911 call to be harmless under the circumstances of this case (*see People v Kello, supra* at 743-744).

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's conviction of criminal mischief in the fourth degree under count three of the indictment; said count dismissed; and, as so modified, affirmed.