■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CARTER, Appellant. [843 NYS2d 381]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered August 17, 2006, convicting him of robbery in the first degree (two counts), robbery in the third degree, grand larceny in the fourth degree, and petit larceny (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's contentions that the search warrants were not supported by probable cause are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Martin,* 50 NY2d 1029, 1031 [1980]) and, in any event, are without merit (*see People v Nunziata,* 10 AD3d 695 [2004]).

The specific bases for the defendant's contentions on appeal that the photographic arrays were unduly suggestive were not raised below, and are therefore unpreserved for appellate review (*see People v Gray,* 86 NY2d 10, 20 [1995]; *People v Dominguez,* 257 AD2d 511, 512 [1999]). In any event, the photographic arrays were not unduly suggestive where, as here, the "defendant's appearance and pose did not differ greatly from those of the men in the other photographs" (*People v Wright,* 297 AD2d 391 [2002]; *see People v Avent,* 29 AD3d 601 [2006]).

There is no merit to the defendant's contentions that certain statements introduced into evidence differed somewhat from those set forth in the notices pursuant to CPL 710.30. Although the statements identified in the notices differed somewhat from the statements provided by the police witnesses at trial, the defendant was not deprived of a fair trial because the CPL 710.30 notices adequately informed the defendant of the "sum and substance" of the statements admitted at trial (*see People v Coleman,* 256 AD2d 473, 474 [1998]; *People v Linderberry,* 222 AD2d 731, 732 [1995]).

The defendant's claim that his alleged exclusion from three sidebar bench conferences resulted in a violation of his fundamental right to be present at all material stages of trial is meritless "where, as here, the record is simply insufficient to establish facts necessary to meet the defendant's burden of showing that he was absent from a material stage of the trial" (*People v Velasquez,* 1 NY3d 44, 49 [2003]; *see People v Fabricio,* 307 AD2d 882, 883 [2003]).

The defendant's contention that the court erred in failing to provide an expanded identification charge is "unpreserved for appellate review as the defense counsel waived any objection by acquiescing to the charge as given" (*People v James*, 35 AD3d 762 [2006]; *see* CPL 470.05 [2]; *People v Glover*, 191 AD2d 582, 583 [1993]). In any event, the jury charge as to identification was adequate (*see People v Knight*, 87 NY2d 873, 874-875 [1995]).

The defendant's contention that the prosecution failed to adduce legally sufficient evidence of his identity as the perpetrator of the crimes is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d at 20). In any event, viewing the evidence in the light most favorable to the prosecution, as we must (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that the identification evidence was legally sufficient. Any discrepancies in witnesses' prior statements to the police and their trial testimony were not of such magnitude as to render their testimony incredible or unreliable as a matter of law (*see People v Almonte*, 23 AD3d 392, 393 [2005]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdicts of guilt were not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The trial court's response to the jury's request, inter alia, to view videotape footage did not violate CPL 310.30. The court did not deprive defense counsel of the opportunity to be heard before responding to the jury's request (*see People v O'Rama*, 78 NY2d 270, 276 [1991]), and its subsequent interaction with the jury "conveyed no information pertaining to the law or facts of the case, and did not limit or channel the jury's question, explicitly leaving open the possibility that the jury wanted 'something else' " (*People v Lykes*, 81 NY2d 767, 770 [1993]).

We find no merit to the defendant's claim that he was deprived of the effective assistance of trial counsel. The defendant was provided with meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]), and to the extent that the defendant bases his ineffective assistance claim on the failure of the defense counsel to make certain applications, "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Stultz*, 2 NY3d 277, 287 [2004]).

The defendant's remaining contentions are without merit. Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.