THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MCKEAN, Appellant. [932 NYS2d 167]—

The defendant's contention that the grand jury proceeding was defective is without merit. CPL 210.35 (5) states that "[a] grand jury proceeding is defective within the meaning of paragraph (c) of subdivision one of section 210.20 when . . . [t]he proceeding . . . fails to conform to the requirements of article one hundred ninety to such degree that the integrity thereof is impaired and prejudice to the defendant may result." Even if errors were made during the grand jury proceeding, the defendant does not contend on appeal that these errors created a possibility of prejudice, and the record does not support such a contention (*see People v Beckwith*, 289 AD2d 956, 956-957 [2001]; *People v Troy*, 209 AD2d 943 [1994]; *People v Hyde*, 85 AD2d 745, 746 [1981]).

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. "The credibility determinations of the Supreme Court following a suppression hearing are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record" (*People v Whyte*, 47 AD3d 852, 852-853 [2008]; *see People v Jenneman*, 37 AD3d 736, 737 [2007]). Here, the record supports the hearing court's determination to credit the testimony of the police witnesses, which established that the defendant was neither in custody nor interrogated when he made the inculpatory statements adduced at trial (*see People v Huffman*, 41 NY2d 29, 33-34 [1976]; *People v Jenneman*, 37 AD3d at 737; *People v Clark*, 172 AD2d 679 [1991]).

We reject the defendant's contention that the trial court erred in admitting certain testimony regarding his behavior prior to his interaction with the complainant. "The challenged evidence did not concern the type of illegal or immoral conduct which would deprive the defendant of a fair trial. In any event, even assuming that this evidence could be considered evidence of prior bad acts or uncharged crimes, it was properly admitted to complete the narrative of events surrounding the charged crimes" and establish intent (*People v Jenneman*, 37 AD3d at 737-738 [citations and internal quotation marks omitted]; *see People v Green*, 56 AD3d 490 [2008]; *People v Tarver*, 2 AD3d 968, 969 [2003]).

Upon the exercise of our independent factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt on

the counts charging endangering the welfare of a child and trespass was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Otway*, 71 AD3d 1052, 1054-1055 [2010]; *People v Sanderson*, 68 AD3d 1716, 1717-1718 [2009]).

Lastly, the defendant's claim that his alleged exclusion from sidebar bench conferences resulted in a violation of his fundamental right to be present at all material stages of trial is meritless "where, as here, the record is simply insufficient to establish facts necessary to meet the defendant's burden of showing that he was absent from a material stage of the trial" (*People v Velasquez*, 1 NY3d 44, 49 [2003]; *see People v Carter*, 44 AD3d 677, 678 [2007]). Skelos, J.P., Hall, Lott and Roman, JJ., concur.