Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered October 31, 2011, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the defendant was in constructive possession of the subject narcotics. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
We reject the defendant’s contention that the Supreme Court erred in admitting testimony regarding his payment of parking tickets issued to the car in which the narcotics he was charged with possessing were found. Contrary to the defendant’s contention, the testimony was not Molineux evidence (see People v Molineux, 168 NY 264 [1901]), since it did not concern illegal or immoral acts, and thus, “could show nothing about his [criminal] propensity” (People v Arafet, 13 NY3d 460, 465 [2009]; see People v McKean, 89 AD3d 866, 867 [2011]; People v Jenneman, 37 AD3d 736, 737-738 [2007]). To the extent the defendant challenges the evidence on relevancy grounds, the evidence was relevant to demonstrate the defendant’s control over the car in which the subject narcotics were recovered, even though the parking tickets were paid after his arrest (cf. People v Ingram, 71 NY2d 474, 480-481 [1988]).
The defendant contends that the Supreme Court erred in admitting evidence regarding his possession of a “fruit knife,” which conduct was not the basis of any criminal charge against him. To the extent that the defendant’s contention concerns the *640 admission of testimony regarding the knife, rather than the knife itself, the claim is unpreserved for appellate review because the defendant failed to object to the testimony (see CPL 470.05 [2]). In any event, although it was error to admit evidence regarding the defendant’s possession of the “fruit knife,” since it had minimal probative value (see People v Aziziandavidi, 100 AD3d 765, 765-766 [2012]; cf. People v Figueroa, 211 AD2d 811 [1995]), the error was harmless (see People v Arafet, 13 NY3d at 468). First, the evidence against the defendant was overwhelming. Second, there was no significant probability that the error affected the verdict, particularly since the police witness who testified about the “fruit knife” indicated that he had seen “hundreds” of those knives and that it was not uncommon for people to possess them. Thus, “the prejudicial effect of the evidence that was admitted in error could not have added much to the effect of the evidence properly admitted” (id.).
The defendant’s contentions regarding the court’s charge to the jury are unpreserved for appellate review (see CPL 470.05 [2]). In any event, they are without merit. A portion of the court’s charge related to evidence in the case that certain investigative techniques were not used. In that respect, instructions such as the one given here, that “[l]aw enforcement techniques and methods” are not the jury’s “concern,” should not be used (see People v Ali, 301 AD2d 609, 609 [2003]). However, the error does not require reversal because the charge, when read as a whole, adequately conveyed the relevant legal principles (see id.). Rivera, J.P., Skelos, Chambers and Austin, JJ., concur.