*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   March 3, 2016                    106004
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                                    MEMORANDUM AND ORDER

TYREL LEE WELCH,
                        Appellant.
_____

Calendar Date:   January 11, 2016

Before:   McCarthy, J.P., Egan Jr., Lynch and Devine, JJ.

_____

        Margaret McCarthy, Ithaca, for appellant.

        Weeden A. Wetmore, District Attorney, Elmira, for
respondent.

_____

McCarthy, J.P.

        Appeal from a judgment of the County Court of Chemung
County (Hayden, J.), rendered January 4, 2013, upon a verdict
convicting defendant of the crimes of sexual abuse in the first
degree and strangulation in the second degree.

        Defendant was charged in a two-count indictment with sexual
abuse in the first degree and strangulation in the second degree
based on allegations that he grabbed the victim and choked her to
the point of unconsciousness while placing his hand inside of her
underwear and touching her.  Following a jury trial, defendant
was convicted as charged and sentenced to an aggregate prison
term of seven years, followed by 10 years of postrelease
supervision.  Defendant now appeals, and his sole argument is
that he was deprived of the effective assistance of counsel.  We
affirm.

In order to prevail on a claim of ineffective assistance of counsel, it is incumbent upon a defendant to establish that alleged errors by counsel demonstrate the absence of a legitimate strategy or explanation (see People v Benevento, 91 NY2d 708, 712 [1998]).  Once a defendant has established that counsel's actions fell outside of these legitimate bounds, he or she must then establish that such deficiencies either caused prejudice (see Strickland v Washington 466 US 668, 694 [1984]) or, more generally, deprived him or her of meaningful representation (see People v Oathout, 21 NY3d 127, 128 [2013]).  A defendant cannot depend on either "the clarity of hindsight" (People v Benevento, 91 NY2d at 712) or on speculation as to matters outside of the record (see People v Maracle, 19 NY3d 925, 929 [2012]), and the defendant cannot meet his or her burden by merely pointing out that counsel employed losing tactics (see People v Stultz, 2 NY3d 277, 283 [2004]).

Certain of defendant's proposed courses of action for trial counsel would, contrary to his assertions, have been futile.  Law enforcement stopped a truck — driven by defendant — that was without a visible rear license plate and that matched the description of the one alleged to be driven by the perpetrator of the victim's assault; this information was known by the relevant officer due to a "be on-the-lookout" alert.  As such, a suppression motion specifically alleging that there was a lack of probable cause to initiate the traffic stop of defendant's vehicle would have been without merit (see People v Rose, 72 AD3d 1341, 1343-1344 [2010], lv dismissed 16 NY3d 745 [2011]).  Likewise, the fact that defendant was sitting in a police vehicle during that brief traffic stop did not render his consent to give a tissue sample for DNA analysis involuntary, and a motion arguing that point would have been unavailing (see People v Dail, 69 AD3d 873, 874 [2010], lvs denied 14 NY3d 839, 845 [2010]).  Given these conclusions, defendant's related contention that the fruit of the aforementioned searches and seizures could have been suppressed are also without merit.

Many of defendant's allegations regarding counsel's deficiencies revolve around counsel's decision not to vigorously challenge the People's evidence regarding DNA, which, at trial, generally established to a high degree of certainty that

defendant had left his genetic material on the victim's clothing and body. Our review, however, reveals that counsel's available reasonable trial strategies were limited by defendant's choice to take the stand and testify that he had grappled with the victim. Accordingly, given that defendant acknowledged that physical contact occurred, he has not shown that it was an unreasonable strategy to forgo challenging DNA evidence that was highly probative in establishing that defendant came in contact with the victim.[1] Defendant's contentions that counsel should have called defendant's wife to testify, that counsel's performance should have been better at the suppression hearing, during summation and at sentencing and that the jury charges that counsel preferred were poorly chosen are also contentions that fail to rise above hindsight second-guessing of counsel's legitimate strategic choices.

Additional alleged errors — counsel's failure to object to (1) certain bolstering and hearsay, (2) testimony regarding chokeholds that was advanced as expert evidence and (3) the People's suggestion that jurors conduct chokehold experiments during deliberations — are also unpersuasive. There is no reasonable probability that, had counsel made such objections, the result of the trial would have been different. Further, counsel executed a strategy consistent with defendant's testimony and primarily focused on persuading the jury that reasonable doubt existed with regard to the requisite intent for the charged crimes. More generally, counsel made appropriate pretrial challenges to the People's evidence, lodged meaningful objections during trial and cross-examined witnesses in a manner consistent

---

[1] More specifically, defendant testified that his altercation with the victim — who was 17 years old — ensued after she misinterpreted his innocent purpose — which was to acquire directions — in reaching out and touching her while she jogged, alone, through a cemetery. The victim's testimony created a different portrait of defendant's intended purpose. She explained that defendant followed her, placed her in a chokehold and then stuck his hand inside of her underwear and touched her vagina. She further described that she was unable to say whether defendant then assaulted her to any greater extent because defendant had choked her to the point of unconsciousness.

with the aforementioned strategy.  Accordingly, based on our review of the record and viewing counsel's representation as a whole, we conclude that defendant received the effective assistance of counsel (see People v Benevento, 91 NY2d at 714-715; People v Hook, 80 AD3d 881, 884 [2011], lv denied 17 NY3d 806 [2011]).  To the extent that defendant's remaining contentions regarding alleged errors by counsel have not been explicitly addressed herein, they have been considered and are also found to be without merit.

Egan Jr., Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court