The People of the State of New York, Respondent,
against
William J. Owens, Appellant.



Appeal from a judgment of the District Court of Nassau County, First District (Joy M. Watson, J.), rendered February 10, 2014. The judgment convicted defendant, upon a jury verdict, of criminal mischief in the fourth degree.




ORDERED that the judgment of conviction is reversed, on the law, and the accusatory instrument is dismissed.
In October 2012, an accusatory instrument was filed charging defendant with criminal mischief in the fourth degree in violation of Penal Law § 145.00 (1), which section provides that "[a] person is guilty of criminal mischief in the fourth degree when, having no right to do so nor any reasonable ground to believe that he or she has such right, he or she . . . [i]ntentionally damages property of another person." Penal Law § 145.13 defines "[p]roperty of another" as "all property in which another person has an ownership interest, whether or not a person who damages such property, or any other person, may also have an interest in such property" (emphasis added). 
At a jury trial, the complainant, defendant's wife, testified that defendant had intentionally damaged the door of her bedroom, which was located in a large house. Following the trial, defendant was found guilty as charged. On appeal, defendant contends, among other things, that the evidence was legally insufficient to establish his guilt, beyond a reasonable doubt, because the People failed to prove that he had damaged the property of another person.
A review of the evidence adduced at trial, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), indicates that the People failed to establish that the bedroom door was the "property of another." No evidence was provided regarding the ownership of the door. The mere fact that the complainant was married to defendant and slept in the bedroom behind the door which defendant damaged is insufficient, without more, to show that the complainant, or anyone other than defendant, had any type of ownership interest in the door. Inasmuch as the People failed to prove that another person had an ownership interest in the damaged property, which is an essential element of the offense, the People failed to establish every element of criminal mischief in the fourth degree beyond a reasonable doubt (see People v Bertone, 16 AD3d 710, 712 [2005]). 
We pass on no other issue.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is [*2]dismissed.
Tolbert, J.P., Iannacci and Brands, JJ., concur.
Decision Date: January 24, 2017