■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN C. ILDEFONSO, Appellant. [56 NYS3d 573]—

McCarthy, J. Appeal from a judgment of the County Court of Delaware County (Lambert, J.), rendered May 9, 2013, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the fourth degree (three counts).

Based on allegations that, in February 2012, defendant sold narcotic preparations—dihydrocodeinone with acetaminophen—to a confidential informant (hereinafter CI) during three controlled buy operations, defendant was charged by indictment with three counts of criminal sale of a controlled substance in the fourth degree. After a jury trial, he was convicted as charged. Subsequently, he was sentenced on each conviction to four years in prison, to be followed by one year of postrelease supervision, with the sentences to be served consecutively. Defendant appeals, and we affirm.

Defendant was not deprived of the effective assistance of counsel.* To prevail on an ineffective assistance of counsel claim under the NY Constitution, a defendant bears the burden of establishing that defense counsel deprived him or her of a fair trial by providing less than meaningful representation (see People v Heidgen, 22 NY3d 259, 278 [2013]; People v Thomas, 105 AD3d 1068, 1071 [2013], lv denied 21 NY3d 1010 [2013]). A defendant's criticisms of counsel must amount to more than "a simple disagreement with [counsel's] strategies, tactics or the scope of possible cross-examination" (People v Flores, 84 NY2d 184, 187 [1994]; People v Wright, 139 AD3d 1094, 1101 [2016], lv denied 28 NY3d 939 [2016]). A defendant must establish that "strategic or other legitimate explanations" do not exist to explain defense counsel's perceived inadequacies (People v Duffy, 119 AD3d 1231, 1234 [2014] [internal quotation marks and citation omitted], lv denied 24 NY3d 1043 [2014]; see People v Thorpe, 141 AD3d 927, 934-935 [2016], lv denied 28 NY3d

* After the jury found defendant guilty, and prior to sentencing, defendant obtained new counsel. Defendant's ineffective assistance of counsel contentions are directed at the actions taken by the attorney that represented him through the completion of the jury trial.

1031 [2016]). "Meaningful representation is a flexible concept and requires only that counsel's efforts reflect reasonable competence, not perfect representation" (*People v Gokey*, 134 AD3d 1246, 1247 [2015] [internal quotation marks and citation omitted], *lv denied* 27 NY3d 1069 [2016]).

Initially, although defendant contends that defense counsel should have made a more specific request for a suppression hearing—beyond counsel's general request "for a probable cause hearing"—he offers no explanation of what specifically defense counsel should have sought to suppress and he does not contend that he had even a colorable claim that he was entitled to the suppression of any evidence. Accordingly, defendant fails to establish the lack of a legitimate explanation for defense counsel's actions (*see People v Welch*, 137 AD3d 1313, 1314 [2016], *lv denied* 27 NY3d 1141 [2016]; *People v Vonneida*, 130 AD3d 1322, 1322-1323 [2015], *lv denied* 26 NY3d 1093 [2015]).

Next, although defendant asserts that counsel's opening statement illustrates her lack of a coherent strategy, we disagree. Notably, defense counsel drew the jury's attention to the importance of the credibility of the CI who would testify against defendant and to the importance of the evidence as to whether and how the CI was searched before the controlled buys in order to establish that he did not already have drugs in his possession. Although defendant now argues that defense counsel should have gone into much greater detail as to these and other topics, we cannot say that the preference for a concise opening statement establishes a lack of a legitimate strategy (*see People v Aiken*, 45 NY2d 394, 400 [1978]; *People v Rose*, 307 AD2d 270, 271 [2003]).

Likewise, defendant's challenge to defense counsel's choice not to conduct cross-examination of two police officers who played minimal roles in one of the controlled buys does not establish a lack of a legitimate strategy (*see People v Pottorff*, 145 AD3d 1095, 1098 [2016]; *People v Cancer*, 16 AD3d 835, 840 [2005], *lv denied* 5 NY3d 826 [2005]). Moreover, we find no basis in the record to conclude that defense counsel should have known that the People had failed to turn over certain *Rosario* materials prior to testimony that revealed the existence of such materials, at which point defense counsel successfully moved to compel the production of said materials.

More generally, we note that defense counsel made numerous successful objections and conducted cross-examination that drew attention to the CI's motivation to lie—at one point eliciting from the CI the admission that he would "do anything" to

avoid his outstanding burglary charge. Counsel's cross-examinations also drew attention to the absence of proof that searches had been conducted of the CI that would have excluded the possibility that he had brought the drugs with him, secreted on his person, that he subsequently claimed to have purchased from defendant. Moreover, counsel gave a lengthy closing statement that, reiterating the themes she introduced in her opening statement, focused on how certain facts essential to the People's case—that defendant had been in the house where the alleged buys took place and that the drugs were provided by him—relied solely on the CI's unreliable testimony. Counsel also reminded the jury that the CI had "testified that he w[ould] do anything" in order to avoid his own incarceration. Considering the representation as a whole, defendant fails to establish that he was deprived of meaningful representation (*see People v Bowman*, 139 AD3d 1251, 1253 [2016], *lv denied* 28 NY3d 927 [2016]; *People v Henry*, 129 AD3d 1334, 1337 [2015], *lv denied* 26 NY3d 930 [2015]).

Finally, we disagree with defendant that his sentence is harsh and excessive. Given defendant's criminal history, we find no abuse of discretion or extraordinary circumstances that would warrant modification of his sentence (*see People v Souffrant*, 104 AD3d 992, 993 [2013], *lv denied* 21 NY3d 1010 [2013]). Defendant's remaining contentions have been considered and are without merit.

Peters, P.J., Egan Jr., Mulvey and Aarons, JJ., concur. Ordered that the judgment is affirmed.