People v Cayea (2018 NY Slip Op 05372)





People v Cayea


2018 NY Slip Op 05372


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018

108267

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
BENJAMIN A. CAYEA, Appellant.

Calendar Date: June 5, 2018

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Robert Lalonde, Ithaca, for appellant.
Joseph G. Fazzary, District Attorney, Watkins Glen (Hannah Moore, New York State Prosecutors Training Institute, Inc., Albany, of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a judgment of the County Court of Tompkins County (Cassidy, J.), rendered December 7, 2015, upon a verdict convicting defendant of the crime of murder in the second degree.
Following a jury trial, defendant was convicted of murder in the second degree stemming from an incident where he caused the death of his girlfriend (hereinafter the victim), a college student. Defendant was thereafter sentenced to a prison term of 22 years to life. Defendant now appeals, and we affirm.
Regarding defendant's challenge to County Court's Molineux ruling, which permitted the People to admit evidence from the
victim's therapist and two of the victim's friends regarding prior instances of violence between the victim and defendant, such claim is unpreserved for our review in light of defendant's failure to object at the suppression hearing or at trial (see People v Reynoso-Fabian, 134 AD3d 1141, 1146 [2015]; People v Tinning, 142 AD2d 402, 406 [1988], lv denied 73 NY2d 1022 [1989]). Similarly, defendant's argument that much of this testimony constitutes inadmissible hearsay is unpreserved for our review based upon his failure to object (see People v Bertone, 16 AD3d 710, 712 [2005], lv denied 5 NY3d 759 [2005]; People v Dunn, 204 AD2d 919, 920-921 [1994], lvs denied 84 NY2d 907 [1994]).
We turn next to defendant's contention that County Court erred in its CPL 60.43 ruling. [*2]CPL 60.43 provides that "[e]vidence of the victim's sexual conduct, including the past sexual conduct of a deceased victim, may not be admitted in a prosecution for any offense . . . unless such evidence is determined by the court to be relevant and admissible in the interests of justice, after an offer of proof by the proponent of such evidence outside the hearing of the jury . . . and a statement by the court of its findings of fact essential to its determination." "A court's discretion in making evidentiary rulings is circumscribed by the rules of evidence and the defendant's constitutional right to present a defense" (People v Taylor, 40 AD3d 782, 783-784 [2007] [citation omitted], lv denied 9 NY3d 927 [2007]).
Prior to trial, the People filed a motion to exclude evidence of the victim's past sexual conduct pursuant to CPL 60.43 as "the victim's prior sexual history ha[d] no relevance to . . . defendant's defense." Thereafter, defendant filed an offer of proof pursuant to CPL 60.43 seeking to admit proof of the victim's involvement in bondage, dominance, submission and sadomasochism, which included choking and breath restriction. County Court held that it would permit defendant to testify, to show his state of mind, that, on the day the victim died, she demanded defendant choke her during sex, foreplay and intercourse and that defendant and the victim conflicted over the force and duration of the choking. The court also allowed defendant to testify about his relationship with the victim, specifically that, during sex, the victim consistently demanded that he choke or strangle her and that she insisted that he choke her more forcefully and longer. To that end, the court also allowed admission of Facebook messages between defendant and the victim about choking. County Court, however, did not permit evidence that the victim engaged in similar behavior with a prior boyfriend nor testimony of the victim's friends regarding statements by the victim that she had participated in choking during sexual activities. The court also did not allow evidence that the victim participated in sexual activities where she was tied up and beaten for the purpose of sexual gratification and that implements to fulfill such sexual activities were found in her apartment.
Inasmuch as the proffered testimony of the victim's prior boyfriend and friends constituted inadmissible hearsay, County Court properly precluded the admission thereof (see People v Ramsaran, 154 AD3d 1051, 1052 [2017], lv denied 30 NY3d 1063 [2017]; compare People v Johnson, 79 AD3d 1264, 1266-1267 [2010], lvs denied 16 NY3d 832 [2011]). Further, the court properly ruled that testimony relating to the victim's sexual activities and any implements related to those activities, which were found in her apartment, were inadmissible because that evidence was not relevant to defendant's defense that he was choking the victim for her gratification (see People v Taylor, 40 AD3d at 785; People v Tenace, 232 AD2d 896, 898 [1996], lv denied 89 NY2d 989 [1997]).
We disagree with defendant's claim that County Court erred in allowing into evidence autopsy photographs. The photographs, as explained by the pathologist who conducted the autopsy, depicted injuries to the victim's face, neck, ear, finger and scalp. Upon a review of the record, we find that the court did not abuse its discretion by admitting the autopsy photographs because the purpose of their admission was not to arouse the emotions of the jury, but to demonstrate that defendant's argument that he was choking the victim for her pleasure did not comport with the evidence in the photographs, which established that there was trauma to parts of the victim's body besides her neck (see People v White, 153 AD3d 1565, 1566 [2017], lv denied 30 NY3d 1065 [2017]; People v Timmons, 78 AD3d 1241, 1244-1245 [2010], lvs denied 16 NY3d 833, 837 [2011]).
We find defendant's argument that he did not receive the effective assistance of counsel equally unavailing. To determine if a defendant was provided with the effective assistance of counsel, the relevant inquiry is whether "[t]he record as a whole reveals that defendant received [*3]meaningful representation" (People v Henderson, 27 NY3d 509, 513 [2016]; see People v LaDuke, 140 AD3d 1467, 1472 [2016]). "A defendant must establish that strategic or other legitimate explanations do not exist to explain defense counsel's perceived inadequacies" (People v Ildefonso, 150 AD3d 1388, 1388 [2017] [internal quotation marks and citations omitted], lv denied 30 NY3d 980 [2017]). Initially, we disagree with defendant's contention that trial counsel was ineffective in failing to pursue the defense of extreme emotional disturbance. Pursuant to CPL 250.10, trial counsel put the People on notice that he sought to introduce evidence of the affirmative defense of extreme emotional disturbance, including a forensic psychological evaluation. However, after the People's motion to exclude the evaluation and County Court's subsequent determination that defendant could present this defense, trial counsel withdrew it. The record makes clear that trial counsel's decision to withdraw this defense was because he decided to argue that defendant did not intend to cause the death of the victim, a defense that may be considered inconsistent with the extreme emotional disturbance defense. Under the circumstances and evidence presented, this was a legitimate trial strategy and, therefore, defense counsel's performance does not fall to the level of ineffective assistance of counsel (see People v Perry, 148 AD3d 1224, 1225 [2017]).
We find defendant's contentions regarding trial counsel's failure to request suppression of defendant's statements to the police investigator to be equally unavailing, given that he offers no explanation of what specifically trial counsel should have sought to suppress and does not contend that he had any colorable claim that he was entitled to suppression of any evidence (see People v Ildefonso, 150 AD3d at 1389; see also People v Vonneida, 130 AD3d 1322, 1322-1323 [2015], lv denied 26 NY3d 1093 [2015]). We also find trial counsel's omnibus motion to be sufficient as it requested, among other things, to inspect the grand jury minutes, sought records from the victim's therapist and sought to compel the People to disclose all evidence favorable or exculpatory to the defense. As to defendant's argument that trial counsel failed to request a change of venue due to many of the potential jurors being connected to the college attended by the victim, there is no evidence that such motion would have been successful because there was no evidence in the record to suggest that the jury was incapable of being fair and impartial (see People v Donahue, 81 AD3d 1348, 1349 [2011], lvs denied 16 NY3d 894 [2011]; People v Ector, 126 AD2d 904, 904-905 [1987]). We are similarly unpersuaded by defendant's argument that trial counsel was ineffective in failing to request an independent autopsy, inasmuch as defendant has not demonstrated that there was any basis for such a request (see People v Weir, 96 AD3d 1486, 1487 [2012], lv denied 20 NY3d 936 [2012]).
Finally, we find no merit to defendant's claim that the sentence imposed was harsh and excessive. The sentence of 22 years to life is less than the statutory maximum for a conviction of murder in the second degree (see Penal Law §§ 70.00 [2], [3] [a] [i]; 125.25 [1]; People v Kaszubinski, 55 AD3d 1133, 1137 [2008], lv denied 12 NY3d 855 [2009]). Despite defendant's apparent lack of premeditation, demonstration of remorse and lack of criminal history, because of the violent nature of the murder, we find no abuse of discretion or extraordinary circumstances warranting a modification of the sentence in the interest of justice (see People v Leduc, 140 AD3d 1305, 1308 [2016], lv denied 28 NY3d 932 [2016]; People v Capers, 129 AD3d 1313, 1319 [2015], lv denied 27 NY3d 994 [2016]).
Defendant's remaining contentions are unavailing.
Garry, P.J., Egan Jr., Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.