People v Carrino (2018 NY Slip Op 05780)





People v Carrino


2018 NY Slip Op 05780


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
HECTOR D. LASALLE, JJ.


2016-08393
 (Ind. No. 114/12)

[*1]The People of the State of New York, respondent,
v
Justin Carrino, appellant.


Arza R. Feldman, Uniondale, NY (Steven A. Feldman of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Craig Stephen Brown, J.), rendered July 22, 2016, convicting him of predatory sexual assault, aggravated sexual abuse in the first degree, rape in the first degree, assault in the second degree (two counts), and criminal contempt in the first degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that he was deprived of his right to be present at all material stages of trial. A claim that a defendant has been excluded from a sidebar bench conference is without merit where, as here, the record is insufficient to establish facts necessary to meet the defendant's burden of showing that he was absent from a material stage of the trial (see People v Velasquez, 1 NY3d 44, 49; People v McKean, 89 AD3d 866, 868; People v Carter, 44 AD3d 677).
The County Court did not improvidently exercise its discretion in admitting into evidence a photograph depicting the complainant's home, and her two children in the background. The photo was relevant to a material issue at trial and elucidated the complainant's testimony (see People v Primo, 96 NY2d 351; People v Heiserman, 127 AD3d 1422).
Contrary to the People's contention, the defendant preserved for appellate review his challenge to the legal sufficiency of the evidence supporting the convictions of rape in the first degree, assault in the second degree (two counts), predatory sexual assault, and aggravated sexual abuse in the first degree (see CPL 470.05[2]). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of those crimes. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., RIVERA, CHAMBERS and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court