People v Watson (2019 NY Slip Op 05723)





People v Watson


2019 NY Slip Op 05723


Decided on July 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 18, 2019

109614

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
PAUL WATSON, Appellant.

Calendar Date: May 30, 2019

Before: Clark, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Mark Diamond, Albany, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.P.
Appeal from a judgment of the Supreme Court (Ceresia, J.), rendered June 1, 2017 in Albany County, upon a verdict convicting defendant of the crimes of attempted assault in the first degree and assault in the second degree.
Following a street fight that resulted in the victim sustaining injuries consistent with stab wounds, defendant was charged by indictment with attempted assault in the first degree and assault in the second degree. After a jury trial, defendant was convicted as charged and sentenced, as a second felony offender, to a prison term of 15 years for attempted assault in the first degree and a concurrent prison term of seven years for assault in the second degree, followed by five years of postrelease supervision. Defendant appeals, and we affirm.
We turn first to defendant's challenge to the legal sufficiency and the weight of the evidence supporting his convictions. When addressing a challenge to the legal sufficiency of the evidence, this Court evaluates whether the evidence, viewed in the light most favorable to the People, provides " any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (People v Bleakley, 69 NY2d 490, 495 [1987] [internal citations omitted]; see People v Bueno, 18 NY3d 160, 169 [2011]). In contrast, a weight of the evidence review requires this Court to first determine whether, based on all of the credible evidence, a different finding would have been unreasonable and, if not, "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" to determine if the verdict is supported by the weight of the evidence (People v Bleakley, 69 NY2d at 495 [internal quotation marks and citation omitted]; see People v Marshall, 162 AD3d 1110, 1111-1112 [2018], lv denied 31 NY3d 1150 [2018]).
A conviction for attempted assault in the first degree, as charged in the indictment, requires proof that, "[w]ith intent to cause serious physical injury to another person," the [*2]defendant attempted to cause "such injury . . . by means of a deadly weapon or a dangerous instrument" (Penal Law § 120.10 [1]; see Penal Law § 110.00; People v Rawlinson, 170 AD3d 1425, 1426 [2019]). As to assault in the second degree, the People were required to prove that, "[w]ith intent to cause physical injury to another person, [the defendant] cause[d] such injury to such person . . . by means of a deadly weapon or a dangerous instrument" (Penal Law § 120.05 [2]). "'Dangerous instrument' means any instrument, article or substance . . . which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]).
The trial testimony established that three law enforcement officers observed defendant and the victim fighting in the street while the officers were on their way to make an arrest unrelated to defendant. Each officer stated that he did not observe defendant with a weapon, but two of the officers testified that defendant was striking the victim with "a straight arm," which was inconsistent with fist punches. The medical evidence, including testimony from a trauma surgeon who treated the victim, established that the victim had sustained several life-threatening stab wounds to his abdomen and arm from "a slender sharp instrument." More specifically, the medical evidence demonstrated that a large vein in the victim's left arm "had been cut through-and-through" and that, had victim's arm and abdominal injuries not been immediately addressed, he could have died from either blood loss or septic shock caused by gastric contents leaking from his stomach. A weapon was never recovered, despite searches of the area, defendant's person and apartment — to which defendant had retreated after the attack — and a vehicle belonging to defendant's girlfriend. With respect to defendant's identity as the assailant, forensic evidence established that the blood found on the victim's jeans was also found under defendant's fingernails [FN1]. Furthermore, one of the police officers testified that he had known defendant for more than 20 years and recognized him as the assailant.
Defendant offered a conflicting version of events. Several witnesses, including defendant and defendant's girlfriend, testified that defendant had been attacked by the victim and another male. Defendant denied having a weapon and testified that he was merely defending himself during a fist fight. Notwithstanding defendant's alternate version of events and the fact that a weapon was neither observed nor recovered by the police, we find that the evidence, viewed in the light most favorable to the People, presented a valid line of reasoning and permissible inferences from which a rational juror could conclude that defendant, with intent to cause serious physical injury, possessed a dangerous weapon with which he repeatedly stabbed the victim (see People v Gragnano, 63 AD3d 1437, 1439-1440 [2009], lv denied 13 NY3d 939 [2010]; People v Wade, 274 AD2d 438, 439 [2000], lv denied 95 NY2d 939 [2000]). Further, although a different verdict would not have been unreasonable, viewing the record in a neutral light and giving deference to the jury's credibility determinations, we find that the verdict was not against the weight of the evidence (see People v Gill, 168 AD3d 1140, 1142 [2019]; People v Pine, 126 AD3d 1112, 1115-1116 [2015], lv denied 27 NY3d 1004 [2016]).
Next, defendant asserts that Supreme Court deprived him of a fair trial by allowing one of the police officers to testify that he had known defendant for more than 20 years. In so testifying, the police officer did not reference any prior criminal activity involving defendant. The officer explained that, when working as a foot patrol officer, he "made it a point to know all the individuals in the area," which included defendant. Contrary to defendant's contention, such testimony did not constitute Molineux evidence, as it did not concern any alleged illegal or immoral acts, or otherwise demonstrate bad character or criminal propensity (see People v Arafet, 13 NY3d 460, 465 [2009]; People v Binning, 108 AD3d 639, 639 [2013], lv denied 22 NY3d 954 [2013]; People v McKean, 89 AD3d 866, 867 [2011], lv denied 18 NY3d 960 [2012]). Given that the testimony was relevant to the issue of identity and explained how the [*3]officer knew defendant, we discern no abuse of discretion in Supreme Court permitting the challenged testimony (see People v Arafet, 13 NY3d at 465; People v McKean, 89 AD3d at 867).
Defendant further contends that he received ineffective assistance of counsel. To succeed on a claim of ineffective assistance of counsel under the NY Constitution, a defendant must demonstrate that defense counsel deprived him or her of a fair trial by providing less than meaningful representation (see People v Caban, 5 NY3d 143, 152 [2005]; People v Ildefonso, 150 AD3d 1388, 1388 [2017], lv denied 30 NY3d 980 [2017]). Many of defendant's specific criticisms of counsel, including his claim that defense counsel failed to lodge certain objections and did not address the absence of a dangerous weapon, are belied by the record. Our review of the record reveals that defense counsel made appropriate pretrial motions, effectively cross-examined the People's witnesses, presented several defense witnesses and delivered cogent opening and closing statements, which drew attention to the absence of evidence of a dangerous weapon. Viewed in totality, we find that defense counsel's representation was meaningful (see People v Anthony, 152 AD3d 1048, 1053-1054 [2017], lvs denied 30 NY3d 978, 981 [2017]; People v Ildefonso, 150 AD3d at 1388-1390; People v Gokey, 134 AD3d 1246, 1247-1248 [2015], lv denied 27 NY3d 1069 [2016]). Given that "our state standard . . . offers greater protection than the federal test" and that the state standard was satisfied here, defendant's claim of ineffective assistance of counsel under the US Constitution also fails (People v Caban, 5 NY3d at 156; see People v Ramos, 48 AD3d 984, 987-988 [2008], lv denied 10 NY3d 938 [2008], cert denied 556 US 1110 [2009]).
In addition, defendant failed to preserve his argument that Supreme Court erred in not advising him of his right to contest the constitutionality of his prior conviction (see People v Sands, 157 AD3d 1136, 1138 [2018], lv denied 31 NY3d 986 [2018]; People v Gathers, 106 AD3d 1333, 1333-1334 [2013], lv denied 21 NY3d 1073 [2013]). Nevertheless, were we to review this argument, we would find it to be without merit (see People v Melton, 136 AD3d 1069, 1070 [2016], lv denied 27 NY3d 1002 [2016]; People v Wood, 108 AD3d 932, 932-933 [2013]). To the extent that defendant argues that defense counsel failed to inform him of the consequences of being deemed a prior felony offender, such argument is more appropriately the subject of a CPL article 440 motion (see CPL 440.10; People v Taylor, 156 AD3d 86, 90 [2017], lv denied 30 NY3d 1120 [2018]; People v Perry, 154 AD3d 1168, 1171 [2017]).
To the extent that we have not addressed any of defendant's contentions, they have been reviewed and found to be without merit.
Mulvey, Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Given the testimony that medical personnel removed the victim's jeans and handed them directly to an observing police officer, we find that the People provided the necessary reasonable assurances of the identity and unchanged condition of this evidence (see People v Hawkins, 11 NY3d 484, 494 [2008]; People v Torres, 146 AD3d 1086, 1088 [2017], lv denied 29 NY3d 1087 [2017]; People v Arthur, 99 AD2d 595, 595-596 [1984]).